UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Case No. |
| Plaintiff, | ) | 14-cr-00085-JMH |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| WINONA JEAN COX, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*

During the hearing conducted in this matter on March 25, 2015, Defendant Winona Jean Cox announced by and through counsel that she wished to represent herself. Having considered the motion, the Court announced that she would not be permitted to do so because the Court did not believe that she was competent to proceed to trial as her own counsel, citing *Faretta v. California*, 422 U.S. 806, 833-34 (1975). The Court did not undertake to determine whether her effort to waive counsel was knowing, intelligent, and voluntary because the Court felt that Defendant Cox was simply not competent to represent herself at trial.

As summed by the United States Court of Appeals for the Sixth Circuit,

1

> The Supreme Court has held that a criminal defendant has a constitutionally protected right to present his own defense in addition to a constitutionally protected right to be represented by counsel. *Faretta v. California*, 422 U.S. 806, 833–34 [...](1975). By electing to exercise his constitutional right to present his own defense, a defendant necessarily waives his constitutional right to be represented by counsel. *United States v. Mosley*, 810 F.2d 93, 97 (6th Cir. 1987) (" 'The right to defend pro se and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other.'" (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970))). This waiver of counsel must be knowing and voluntary. *Faretta*, 422 U.S. at 835. This Court has adopted a rather lengthy series of questions from 1 *Bench Book for United States District Judges* 1.02-2 to -5 (3d ed. 1986) that a district court should ask in order to ensure that a defendant's waiver of counsel is knowing and intelligent. *United States v. McDowell*, 814 F.2d 245, 247, 250 (6th Cir. 1987). Substantial compliance with this series of questions is sufficient. *United States v. Miller*, 910 F.2d 1321, 1324 (6th Cir.1990); *United States v. Grosshans*, 821 F.2d 1247, 1250-51 (6th Cir.1987).

Further, Defendant's motion to proceed pro se highlights the important distinction between a defendant's competency to stand trial and competency to conduct his own defense, as set forth by the United States Supreme Court in *Indiana v. Edwards*, 554 U.S. 164 (2008), in which the Court acknowledged that the issue of competency to forgo counsel at trial presents a very different set of circumstances,

2

calling for a standard different from simply the standard governing competency to stand trial. *Id*. at 174–75. "[T]he Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under *Dusky* [*v. United States,* 362 U.S. 402 (1960),] but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." *Id*. at 178. Competence to assist counsel differs from the decisional competence necessary to undertake trial tasks such as organization of a defense, making motions, arguing points of law, participating in voir dire, questioning witnesses, and addressing the court and jury. *Id.* at 176. At the end of the day, however, the task of deciding whether a defendant was competent to conduct his own defense is left to the trial judge, who must "take [a] realistic account of the particular defendant's mental capacities." *Id.* at 177-78.

In this instance, however, the Court has ordered no mental competency evaluation to be conducted by psychiatric or psychology experts and the Court spoke based on its experience in the courtroom and during a previous *in camera* hearing with Defendant Cox, at which time the Court determined that no further inquiry was necessary with respect to her competence to stand trial with counsel.

3

While the Court has concluded that there is no reason to believe that Defendant Cox does not understand the charges against her nor does she lack the capacity to assist her counsel in her defense, even if she elects not to do so, the Court has been repeatedly perplexed by Defendant Cox's inability or unwillingness to understand and follow the Court's instructions.

The Court cites as an example, her inability or unwillingness to follow the Court's instructions with respect to such straightforward tasks as retaining the counsel of her choice, which she has repeatedly stated that she will do.  In that instance, the Court has observed that she has (1) caused counsel who is wholly unqualified by the rules applicable in this court to file a notice of appearance and (2) attempted, on her own, to give notice of appearance of counsel rather than having said counsel file a notice of appearance and seek permission to proceed pro hac vice, as she was not yet qualified to appear before this Court based on her licensure.  The Court is left in a bit of a quandary and wonders if Defendant Cox is incapable of understanding the rules and, thus, unable to follow them—and why—or if Defendant Cox is capable of understanding the rules and, therefore, either recklessly or willfully failing to follow them.

4

Neither can the Court ignore the fact that Defendant Cox openly attempts to communicate during proceedings with an individual in the gallery, i.e., someone not permitted to appear beyond the bar on her behalf in this Court. During a trial by jury, she will have to act and speak on her own behalf in all proceedings. Communication with individuals not permitted beyond the bar during proceedings cannot be permitted nor will it be. Again, the Court wonders if Defendant Cox is capable of understanding this aspect of what it will mean to represent herself.

Having reconsidered this matter on the Court's own motion, the Court concludes that only one of these possibilities – the former – could possibly result in the conclusion that Defendant Cox is incapable of representing herself and, then, only upon further inquiry. At this stage in the proceedings, the Court cannot say with any certainty that Cox is incapable of understanding the rules because the second possibility, that she is capable of understanding the rules but either elects not to follow the rules or does not care whether she follows the rules applicable to proceedings in this Court, is equally possible.

Accordingly, **IT IS ORDERED** that this matter is set for a hearing on **Monday, March 30, 2015**, at 10:00 a.m. to

5

determine (1) whether Defendant Cox is competent to represent herself at trial and, if so, (2) whether her waiver of counsel is knowing, intelligent, and voluntary.

This matter remains set for trial on April 21, 2015.

This the 25th day of March, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge